# CIRCUIT COURT OF THE CITY OF RICHMOND

Nationwide Insurance Co.

. v.

Martha R. Goode, Joseph C. Powell
and The Hartford Insurance Co.

January 31, 1985

Case No. LH 1521

By JUDGE MELVIN R. HUGHES, JR.

The subject case . . . came on for a hearing on defendant, The Hartford Insurance Company's Motion for Summary Judgment on January 28, 1985.

This is an action seeking a declaratory judgment on whether one of two insurance policies applies to a fact situation which all parties agree, involves an accidental shooting. One policy is a homeowners policy; the other an automobile liability policy. All counsel agree that the facts are not in dispute and I will rely on the testimony of Joseph C. Powell according to the record of the hearing on January 28, 1985.

Joseph C. Powell left a residence, .went to his automobile parked across the street, opened the trunk and retrieved a handgun. Returning to the residence and six feet away from the automobile, the gun discharged as Powell put in in his belt or pants pocket. Martha Goode, standing in front of the residence at the time was shot in the foot.

Powell's homeowner's carrier, the plaintiff, argues that its policy excludes coverage for liability arising out of loading and unloading an automobile.

Powell's automobile liability carrier, a defendant and the moving party on this motion, argues that its policy covers liability only when injury occurs while arising from ownership, maintenance or use of the automobile.

The Supreme Court of Virginia, in deciding State Farm Mutual Automobile Insurance Company v. Powell, Adm'x, 227 Va. 492 (1984), indicated certain basic concepts to be applied to "ownership, maintenance, or use" provisions of automobile liability policies. In Powell, the Court observed as follows:

> . . . consideration must be given to the intention of the parties to the insurance agreement in determining the scope of the coverage afforded (citations omitted). . . in addition, the "ownership, maintenance or use" provision should be construed in the light of the subject matter with which the parties are dealing; the terms of the policy should be given their natural and ordinary meaning (citations omitted). . . Even though ownership, maintenance or use of the vehicle need not be the direct, proximate cause of the injury in the strict sense, nevertheless, there must be causal relationship between the accident and employment of the insured vehicle as a vehicle. (citations omitted). . . Furthermore, consideration must be given to what the injured person was doing when he was injured, as well as his purpose and intent, in determining whether that person was in a position in relation to the vehicle to be injured in its "use." (Citation omitted). State Farm v. Powell, Admx, 227 Va. 492, 500-501.

Under the facts here, the accident did not arise out of the use, ownership, and maintenance of Joseph C. Powell's automobile. Mrs. Goode, the injured party, did not stand in any relationship to Mr. Powell's

vehicle to be injured by the use of the vehicle. She was merely a bystander across the street from Powell's parked automobile at the time of her injury. There is no causal relationship between the shooting and the employment of the insured vehicle as a vehicle. Further, the intent of the parties and the ordinary meaning of the terms of the automobile insurance policy both indicate that coverage would only apply to vehicular use. I find the policy issued by Nationwide to be applicable to the allegations of Mrs. Goode.

Accordingly, the Motion for Summary Judgment is granted.